## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

GEORGE E. REED,                     )
                                    )
            Movant,                 )
                                    )
    v.                              )        No. 1:20-CV-21 SNLJ
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be untimely. As a result, the Court will order movant to show cause why the motion should not be summarily dismissed.

## Background

On September 6, 2016, George Reed pleaded guilty to armed bank robbery, in violation of 18 U.S.C.§§ 2113(a) and 2113(d). On December 6, 2016, the Court sentenced movant to 188 months' imprisonment, followed by five years of supervised release. *United States v. Reed*, 1:16CR66 SNLJ (E.D.Mo).

Movant appealed to the Eighth Circuit Court of Appeals on December 20, 2016 by filing a notice of appeal in the District Court. The Eighth Circuit affirmed this Court's conviction and sentence on April 13, 2018. *United States v. Reed*, No. 16-4521 (8th Cir. 2018). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

Movant filed the instant § 2255 motion to vacate on January 30, 2020, which is the date he placed it in the prison mailing system in the United States Penitentiary in Jonesville, Virginia.

## Discussion

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety (90) days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

As stated above, the Eighth Circuit Court of Appeals issued its final judgment on April 13, 2018. The limitations period ended, therefore, on July 12, 2019, four hundred fifty-five days after the judgment was entered. As a result, the motion appears to be barred by the limitations period and movant will be required to show cause why this action should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause no later than twenty-one (21) days from the date of this Memorandum and Order, why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that movant's failure to respond to this Memorandum and Order will result in a dismissal of this action.

Dated this **3ʳᵈ** day of March, 2020.

_____

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE