UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE E. REED, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:20-CV-21 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the Order to Show Cause. On March 3, 2020, the Court ordered movant to show cause why his motion to vacate brought pursuant to 28 U.S.C. § 2255 should not be dismissed as time-barred. The Court has reviewed movant's response in its entirety and finds that movant's motion to vacate should be summarily dismissed as untimely.

### Background

On September 6, 2016, George Reed pleaded guilty to armed bank robbery, in violation of 18 U.S.C.§§ 2113(a) and 2113(d). On December 6, 2016, the Court sentenced movant to 188 months' imprisonment, followed by five years of supervised release. *United States v. Reed*, 1:16CR66 SNLJ (E.D.Mo).

Movant appealed to the Eighth Circuit Court of Appeals on December 20, 2016 by filing a notice of appeal in the District Court. The Eighth Circuit affirmed this Court's conviction and sentence on April 13, 2018. *United States v. Reed,* No. 16-4521 (8th Cir. 2018). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

Movant filed the instant § 2255 motion to vacate on January 30, 2020, which is the date he placed it in the prison mailing system in the United States Penitentiary in Jonesville, Virginia.

## Discussion

Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety (90) days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner

therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

As stated above, the Eighth Circuit Court of Appeals issued its final judgment on April 13, 2018. The limitations period ended, therefore, on July 12, 2019, four hundred fifty-five days after the judgment was entered. As a result, the motion is barred by the limitations period.

In movant's response to the Order to Show Cause, movant does not argue with the untimeliness of his motion to vacate, rather he asserts that he should not have been considered a "felon in possession" because he did not have a "real gun." He states that he was holding a BB Gun at the time of his arrest.

Movant was not charged with a "felon in possession" offense. Rather, he was charged with armed bank robbery, in violation of 18 U.S.C.§§ 2113(a) and 2113(d). Movant waived his right to assert that he was not "armed" by waiving his pretrial proceedings and pleading guilty to the offense to which he was charged. Thus, he cannot now attempt to argue that he was not "armed," under the definition of the statute, for which he was convicted.

Additionally, movant's substantive argument does not account for the untimeliness of his motion to vacate. As such, the Court finds that his motion to vacate is time-barred and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 28th day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE